UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAEED KAID,

                                **Plaintiff,**

v.                                                             15-CV-548A(Sr)

JOSEPH H. RUDNICK,

                                **Defendant.**

---

## DECISION AND ORDER

Plaintiff commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging that defendant subjected him to excessive force, false arrest and malicious prosecution following a traffic stop on January 23, 2013. Dkt. #1.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #33. In support of the motion, plaintiff argues that he has been unable to obtain counsel, the legal issues are complex and he has not been able to investigate his claim. Dkt. #33.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding

whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This case is in its initial stages, making it difficult to assess the merits of plaintiff's claim. However, there is no indication that plaintiff is incapable of presenting his arguments to the Court. Plaintiff's complaint and motion for appointment of counsel clearly state his position and the factual basis of those claims do not require independent investigation. As a result, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Plaintiff's motion (Dkt. #33), is denied without prejudice.

**SO ORDERED.**

DATED:   Buffalo, New York
         August 10, 2016

                                             *s/ H. Kenneth Schroeder, Jr.*
                                             **H. KENNETH SCHROEDER, JR.**
                                             **United States Magistrate Judge**