UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAEED KAID,

                                 **Plaintiff,**

v.                                                                               15-CV-548A(Sr)

JOSEPH H. RUDNICK,

                                 **Defendant.**

---

## DECISION AND ORDER

Plaintiff commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging that defendant subjected him to excessive force, false arrest, and malicious prosecution following a traffic stop on January 23, 2013. Dkt. No. 1.

Currently before the Court is plaintiff's second motion for appointment of counsel. Dkt. No. 57. In support of the motion, plaintiff contends that he has "made several attempts to obtain an attorney to no avail." Dkt. No. 57.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Defendant Rudnick has moved for summary judgment on the bases that: there was no altercation between defendant and plaintiff; plaintiff never complained of any pain or injuries or produced any records or other proof of physical injury; and the Elmira City Court dismissed the charges against plaintiff resulting from his arrest because defendant was no longer available to testify. Dkt. No. 47-7, ¶¶ 11-14. While it is difficult to tell whether plaintiff's claims have substance, what is clear is that: plaintiff is capable refuting defendant's statement of material facts through an affidavit, without any independent investigation, since he himself was present during his arrest; plaintiff need not cross-examine anyone at this juncture, he need only raise a genuine issue of material fact; plaintiff's claims are not complex; and there is no reason that appointment of counsel to defend plaintiff's claims against summary judgment would lead to a more just determination of this case. Plaintiff's complaint and motions for appointment of counsel reveal that he is capable of stating his position to this Court.

Based on the foregoing, I find that plaintiff has not established that the appointment of counsel is warranted at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Accordingly, plaintiff's motion (Dkt. No. 57) is DENIED without prejudice and his motion for extension of time to file a response (Dkt. No. 56) is GRANTED. Plaintiff shall

file his response to defendant's motion for summary judgment no later than **March 30, 2018**.  Plaintiff is directed to review the attached Rule 56 Notice to Pro Se Litigants.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 2, 2018

                                    _s/ H. Kenneth Schroeder, Jr._
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**